# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-584-11 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TYVION HALL, | ) | |
| | ) | |
| Defendant. | ) | |

On September 8, 2025, *pro se* defendant Tyvion Hall ("Hall" or "defendant") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 748 (§ 2255 Motion); Doc. No. 748-1 (Memorandum in Support).)[1] Plaintiff United States of America (the "government") has filed an opposition to the motion. (Doc. No. 760 (Response).) Hall did not file a reply, and the time for filing a reply has passed. (*See* Doc. No. 749 (Scheduling Order); Order [non-document], 11/20/2025.)

As set forth below, the Court agrees with the government that the present motion to vacate is untimely and without merit. Accordingly, the motion to vacate is denied in its entirety.

---

[1] The prison mailbox rule, announced in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), provides that a federal prisoner's *pro se* motion to vacate is ordinarily deemed filed on the date that it was submitted to prison mailing officials. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). While Hall's motion was filed on the docket on October 1, 2025, it appears that it was placed in the prison mail system on September 8, 2025. (*See* Doc. No. 748, at 12 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).) Affording Hall every benefit of the doubt, the Court will assume, for purposes of the government's timeliness argument, that Hall's motion was filed on September 8, 2025.

I. **BACKGROUND**

On August 11, 2021, a twenty-five count Indictment issued charging Hall and fifteen others with participating in an expansive criminal organization known as "Shorb Blocc," whose members and associates "engaged in drug distribution, and acts of violence involving murder, assault, robbery, and witness intimidation, and which operated principally in the area of Northwest Canton." (Doc. No. 1 (Indictment), at 2.) In Count 1 of the Indictment, Hall was charged with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (*Id*. at 1–18.) In particular, Hall was alleged to have engaged in multiple criminal acts in support of the enterprise, including murder, robbery and aggravated robbery, extortion, and conspiracy to distribute and distribution of controlled substances. (*Id*.)

On April 13, 2023, with the assistance of counsel and the benefit of a plea agreement, Hall entered a guilty plea to Count 1. (Minutes of Proceedings [non-document], 4/13/2023; *see* Doc. No. 422 (Plea Agreement).) On December 6, 2023, the Court sentenced Hall to a custody term of 102 months, with credit for time served, followed by 3 years of supervised release. (Doc. No. 526 (Judgment); Minutes of Proceedings [non-document], 12/6/2023.) Hall did not take a direct appeal from the Court's judgment. (*See* Doc. No. 748, at 4.) Instead, he filed the present motion to vacate on September 8, 2025. In his motion, he asserts four grounds for relief that, in one way or another, challenge the Court's jurisdiction over this criminal proceeding and its exercise of personal jurisdiction over him.

II. **STANDARD OF REVIEW**

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced.

Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) (per curiam); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.*

3

Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false."'" *Caruthers v. United States*, No. 3:07-cr-635, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United States*, No. 3:20-cv-121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster,* 403 F.3d at 221–22). That is because "[t]he plea colloquy process exists in part to prevent defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers*, 170 F.3d 560, 560–66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all manner of constitutional claims if the result of the sentencing process was not as he had hoped." *Id.* at *7.

Accordingly, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255."

4

(citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962))); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . ; he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where, as here, the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See generally Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Hall's motion is time-barred and otherwise entirely without merit.

### III. DISCUSSION

#### A. Hall's Motion is Time-Barred

As an initial matter, the government challenges the motion to vacate on timeliness grounds. (*See* Doc. No. 760, at 5–6.) The Anti-Terrorism and Effective Death Penalty Act ("ADEPA") "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on December 6, 2023. (Doc. No. 526; Minutes of Proceedings [non-document], 12/6/2023.) Because Hall did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later on December 20, 2023. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed" (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004))); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (allowing for a direct appeal to be taken within 14 days of the entry of judgment). Hall was required to file his § 2255 motion by December 20, 2024. Instead, he filed the instant motion approximately eight months after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

Hall does not identify an impediment created by the government, new facts supporting a claim that were subsequently discovered through the exercise of due diligence, or the date on which a new right was recognized and made retroactive to cases on collateral review. *See* § 2255(f)(2)–(4). Accordingly, the motion is untimely under § 2255(f).

Despite his failure to file within one year of any of the triggering dates in § 2255(f), Hall maintains that there is no time bar, citing "actual innocence" and a "lack of federal jurisdiction." (Doc. No. 748, at 11.) It is true that actual innocence will excuse a failure to file within the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). "This exception requires a petitioner to show that 'it is more likely than not that no

6

reasonable juror would have convicted him in the light of the new evidence.'" *Hubbard v. Rewerts*, 98 F.4th 736, 742 (6th Cir. 2024) (quoting *McQuiggin*, 569 U.S. at 399 (further quotation marks and citation omitted))). To meet this burden, a petitioner must demonstrate: (1) a "miscarriage of justice that results from the incarceration of innocent persons"; and (2) the presentation of "new reliable evidence." *Id*. at 742–43 (quotation marks and citations omitted).

Hall fails to identify any new reliable evidence that would have made it more likely than not that no reasonable juror would have convicted him. Instead, he cites to his merits arguments relating to his belief that the Court's judgment is void for want of jurisdiction. (Doc. No. 748, at 11.) But "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992)). Hall has not established that it is more likely than not that no reasonable juror would have convicted him on the evidence in this case, and, in fact, he admitted to the factual predicate underlying the charge during the plea colloquy and as set forth in the written plea agreement. (Doc. No. 422, at 7–13.) He has, therefore, failed to establish a basis for excusing his failure to file a timely § 2255 motion, and the motion is denied for this reason alone.

### B.  Hall's Jurisdictional Claims are Meritless

Even if the Court reached the merits of Hall's motion, it would find no basis for vacating Hall's conviction and sentence. Without citing any authority, Hall suggests that the Court lacked jurisdiction over his case because it did not make a formal finding on the record that jurisdiction exists. (*See* Doc. No. 748, at 4; Doc. No. 748-1, at 1–2.) There is no such affirmative requirement. Rather, in the criminal context, "[s]ubject-matter jurisdiction is furnished by 18 U.S.C. § 3231,

7

which covers all criminal prosecutions under the United States Code." *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *see United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (similar); *United States v. Titterington*, 374 F.3d 453, 458–59 (6th Cir. 2004) (similar). The fact that "Article III [of the United States Constitution] permits Congress to assign federal criminal prosecutions to federal courts[]" is "the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). There is no basis for concluding, therefore, that the Court lacked jurisdiction to enter judgment against Hall.

Moreover, the Court properly exercised personal jurisdiction over Hall. "Personal jurisdiction is supplied by the fact that [a defendant] is within the territory of the United States." *Burke*, 425 F.3d at 408; *see Marks*, 530 F.3d at 810 ("[T]he district court had personal jurisdiction over [the defendant] by virtue of [the defendant] having been brought before it on a federal indictment charging a violation of federal law." (citations omitted)); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has *personal* jurisdiction over any party who appears before it, regardless of how his appearance was obtained." (emphasis in original) (citations omitted)). Having appeared before the Court on the federal Indictment charging violations of federal law, this Court was entitled to exercise personal jurisdiction over Hall.

### IV. CONCLUSION

For the foregoing reasons, Hall's motion to vacate is denied. Further, for all of the same reasons, the Court finds that reasonable jurists would not debate the Court's denial of Hall's motion to vacate as untimely and entirely without merit. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this

decision could not be taken in good faith, and that there is no basis to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: January 8, 2026

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**